## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TIMOTHY ALAN LAMB,**<br>4971 Bilford Ln<br>Lake Oswego, OR 97035,<br><br>       Plaintiff,<br><br>   v.<br><br>**ERIC HOLDER**<br>U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT
### (DECLARATORY JUDGEMENT AND EQUITABLE RELIEF)

1.    Plaintiff Timothy Alan Lamb, by counsel, brings this action against his former employer, the Federal Bureau of Investigation ("FBI"), requesting judicial review of the summary action of the FBI terminating his employment and determining that he was not permitted to continue his family health coverage because he was fired for "gross misconduct." As a non-veteran, former FBI Agent Plaintiff is not seeking reinstatement of his employment in this action. However, Plaintiff contends that the determination that he and his family should be denied continued health benefits because he committed "gross misconduct" within the meaning of 5 U.S.C. § 8901, *et seq.*, is arbitrary, capricious, unsupported by substantial evidence and contrary to the applicable law and regulations. In addition, he contends that in making the determination that he committed

gross misconduct the FBI violated his Constitutional rights to due process of law because it made this determination without informing plaintiff of the proposed disciplinary action, allowing him to review the evidence against him or allowing him an opportunity to respond the the decision- maker prior to the decision to deny him the right to continue his health coverage.  Plaintiff therefore requests the Court to direct Defendant to expunge "gross misconduct," determination from Plaintiff's employment records and all related files accordingly and to to extend to Plaintiff and his family members the opportunity to enroll in continued health benefits coverage, retroactive to the date of separation from the FBI.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under the following statutes: a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; b. 28 U.S.C. § 1343 (3) and ( 4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government; c. the Administrative Procedures Act (5 U.S.C. §§ 702-704); and d. 28 U.S.C. § 1361 (Mandamus).

3.     Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) & (e) because the federal department and agency making the relevant decisions that injured Plaintiff are headquarted in and operate in this district, and made those decisions in this district.

2

## PARTIES

4.      Plaintiff, Timothy Alan Lamb, is a citizen United States and resides in the

State of Oregon and from 1995 until August 2013 was employed by the FBI.

5.      Defendant Eric Holder is the Attorney General of the United States and as such he

is the head of the Department of Justice.  The FBI is a subordinate agency of the Department of

Justice.  As such, Mr. Holder is also the head of the FBI and is responsible for the personnel

actions, omissions and practices of the FBI.   Mr. Holder is here sued only in his official capacity

as head of the FBI.

## STATEMENT OF THE CLAIM

6.      Plaintiff was employed from October 29, 1995 until approximately August

14, 2013,  by the FBI, which is an agency within the U.S. Department of Justice. Before

his FBI employment, Plaintiff was employed by the U.S. Department of Justice,

Immigration and Naturalization Service (INS) starting on June 12, 1994, without break in

federal service.

7.      As a federal employee, Plaintiff was entitled to enroll for health care

coverage under 5 U.S.C. § 8901, *et seq.*, and during his FBI employment did enroll

himself and later his wife and children into the health care coverage.

8.      On February 28, 2013, the FBI Office of Professional Responsibility

("OPR"), a department within the FBI, issued a letter (the "February 28 Letter")

proposing to dismiss Plaintiff from the rolls of the FBI based upon allegations that

a "lack of candor" not under oath in in connection with a series of allegations that were

later determined to be unfounded.  While plaintiff had been questioned regarding the dismissed charges, he had not been questioned at the October 2, 2012, interview about the later alleged lack of candor.

9.      Per the February 28 Letter and other FBI admonishments, Plaintiff and his counsel were not permitted to interview any witness without advance OPR approval. Plaintiff and counsel were afforded the opportunity to review the OPR investigation file, but they were prohibited from making copies of any document or taking any document away from controlled FBI spaces.

10.      Plaintiff and his counsel submitted on May 6, 2013, a written Response to the February 28 Letter. Plaintiff and counsel appeared at a videoconference oral hearing on this same matter on May 8, 2013.

11.      While the OPR matter described above was pending, Plaintiff received notice on or about April 29, 2013, about another investigation regarding off-duty conduct that allegedly occurred at least 11 years earlier both prior to and during Plaintiff's' FBI employment. The new allegation concerning off-duty conduct was not the sort that was typically penalized with more than a 30 day suspension.  Plaintiff was interviewed concerning the new allegations and ultimately signed a sworn statement concerning them on June 6, 2013.

12.      On August 14, 2013, OPR issued a letter (the "August 14 Letter") by which OPR summarily dismissed Plaintiff from his FBI employment. Plaintiff did not receive

the letter until approximately August 26, 2013.  The August 14 Letter stated it was a final

decision and not appealable.  Plaintiff was not afforded an opportunity to respond to any

proposed discipline based on the new allegations.  Plaintiff was not allowed to present a

defense to the new allegations.  Unlike the prior and then-still pending discipline case,

Plaintiff had never been afforded any opportunity to review the file materials underlying

the August 14 Letter's decision.

13.    The August 14 Letter declared that a finding of "gross misconduct" had

been made that would result in Plaintiff's being cut off from any opportunity to apply for

or receive continuing health benefits coverage.   Through counsel, Plaintiff timely filed

on or about August 30, 2013, an appeal of the "gross misconduct" determination. By

letter dated September 17, 2013, the FBI upheld that determination.


**FIRST CAUSE OF ACTION**
**(Judicial Review of "Gross Misconduct" Determination and**
**Denial of Continuation of Health Coverage Benefits)**

14.    Paragraphs 1 through 13 inclusive are incorporated from above in this

Complaint by reference here as though restated in full.

15.    This U.S. District Court reviews federal agency determinations of "gross

misconduct" de novo. *See Moore v. Williams College*, 702 F. Supp. 2d 19, 24 (D. Mass.

2010). The District Court must determine whether the alleged conduct at issue was

"outrageous, extreme or unconscionable," or evinces an "evil design against the employer

or, absent malice, an intentional and substantial disregard of the employer's interests." *Id.* (internal punctuation and citations omitted); *see Zickafoose v. UB Services, Inc.*, 23 F. Supp. 2d 652, 655 (S.D.W. Va. 1998) (de novo review of gross misconduct determination, stating the legal tests).

16.     Plaintiff contends the OPR decision to summarily dismiss him, upon which Defendant states the "gross misconduct" determination rests, did not afford him Constitutional, statutory and regulatory due process and did not substantiate facts upon which a dismissal or summary dismissal could be legitimately based.

17.     Plaintiff contends the summary dismissal decision upon which the "gross misconduct" determination rests was itself arbitrary, capricious, not in accordance with law, not compliant with statutory and/or regulatory provisions, and failed to observe the procedures required by law.

18.     As a result of Defendant's decision and determination, Plaintiff was denied the opportunity to apply for and receive continuation of health benefits coverage that would typically be available to federal employees.

## SECOND CAUSE OF ACTION
### (Constitutional Right Violation)

19.     Paragraphs 1 through 18 inclusive are incorporated from above in this Complaint by reference here as though restated in full.

20.     Defendant wrongfully refused to afford to Plaintiff continued health

6

insurance coverage benefits, which constitutes a violation of the Fifth Amendment to the

U.S. Constitution in that it denied Plaintiff his right to due process before being deprived

of a property right, and in that it otherwise violated a clear statutory mandate.

WHEREFORE, Plaintiff requests this Court to adjudge and order:

(A)     Declaring that the FBI's determination plaintiff he committed "gross misconduct"

with the meaning of 5 U.S.C. § 8901, *et seq.* is arbitrary, capricious, unsupported

by substantial evidence and contrary to the applicable law and regulations.

(B)     Declaring that FBI violated Plaintiff's Constitutional rights to due process of law

when it determined that hs had committed "gross misconduct" without informing

plaintiff of the proposed disciplinary action, allowing him to review the evidence

against him or allowing him an opportunity to respond the the decision- maker

prior to the decision to deny him the right to continue his health coverage.

(C)     Ordering Defendant to expunge "gross misconduct," determination from Plaintiff's

employment records and all related files accordingly and to to extend to Plaintiff

and his family members the opportunity to enroll in continued health benefits

coverage, retroactive to the date of separation from the FBI.

(D)     Order Defendant to extend to Plaintiff and his family members the opportunity to

enroll in continued health benefits coverage, retroactive to the date of separation

from the FBI;

(E)     Order Defendant to pay to Plaintiff his reasonable attorneys' fees for bringing this

7

action; and

(E)     Order Any other relief as the Court deems appropriate.

Richard L. Swick
DC Bar No. 936930
Richard W. Stevens
DC Bar No. 443320
Swick & Shapiro, P.C.
1101 15th St., NW
Suite 550
Washington, D.C. 20005
rlswick@swickandshapiro.com
202-842-0300
Fax 202-842-1418